# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal Action No. 09-12 Erie |
| TOMMIE S. DUNLAP, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., DISTRICT JUDGE.

Presently pending before the Court is a Motion filed by Tommie S. Dunlap ("Defendant"), who is proceeding *pro se*, on October 26, 2012, seeking a sentence reduction under 18 U.S.C. § 3582(c)(2). [ECF No. 43]. The Government filed a brief in response on December 4, 2012. [ECF No. 44]. For the reasons set forth below, the Defendant's motion is denied.

On March 10, 2009, Defendant was indicted by a grand jury and charged with possession with intent to distribute and distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). [ECF No. 5]. Defendant pled guilty to the charges on September 30, 2009. [ECF No. 26]. In calculating the applicable Sentencing Guideline range according to the Guidelines in effect at the time of the Defendant's sentencing, the applicable range was 121 to 151 months incarceration. Defendant was also subject to a statutory mandatory minimum of 120 months incarceration. On January 11, 2010, Defendant was sentenced to 140 months of incarceration and five years of supervised release. [ECF No. 29].

On April 2, 2012, Defendant, represented by counsel, filed his first Motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), wherein he sought to reduce his sentence following the retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G.") for crack cocaine offenses. [ECF No. 41]. The Fair Sentencing Act ("FSA") of 2010 reduced the crack/powder ratio from 100:1 to 18:1 and changed the threshold quantities of crack cocaine which triggered mandatory minimum sentences under 21 U.S.C. § 841(b). *See* Fair Sentencing Act of 2010, Pub.L.No. 111-220, § 2, 124 Stat. 2372 (2010); *Dorsey v. United*

*States*, __ U.S. __, 132 S.Ct. 2321, 2328-29, 183 L.Ed.2d 250 (2012). The Sentencing Commission promulgated permanent amendments to the Sentencing Guidelines altering the offense levels for crack cocaine offenses, which retroactively took effect on November 1, 2011. *See* U.S.S.G. Supp. App. C, Amend. 750 (2011) (effective Nov. 1, 2011); *Dorsey*, 132 S.Ct. at 2329. After the amendment, Defendant's Sentencing Guideline range was amended to 84 to 105 months. However, because Defendant remained subject to the 120 month statutory mandatory minimum, his effective guideline range was 120 months incarceration. Accordingly, Defendant was resentenced to 120 months incarceration. [ECF No. 42].

Defendant filed the instant motion seeking a further reduction of his sentence "to a term of imprisonment somewhere in the middle of 84-105 months." [ECF No. 43] ¶ 3. However, Defendant is not entitled to any further reduction of his sentence because the statutory minimum controls his sentence. *See United States v. Doe*, 564 F.3d 305, 312 (3d Cir.) (holding that an amendment to the Guidelines did not render defendant eligible for a sentence reduction under § 3582(c)(2) because he had been sentenced pursuant to a statutory mandatory minimum), *cert. denied*, __ U.S. __, 130 S.Ct. 563, 175 L.Ed.2d 390 (2009); *United States v. Surratt*, 453 Fed. Appx. 202, 203 (3d Cir. 2011) ("A defendant is not eligible for a reduction under § 3582(c)(2) if another statute or provision, such as a statutory mandatory minimum, controls the defendant's sentence.").

In addition, the Third Circuit has consistently held that the FSA's amendments to the statutory minimum sentences for crack cocaine offenses does not apply to defendants who were sentenced before the August 3, 2010 effective date of the Act. *See United States v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010) (holding that the revised statutory terms of incarceration did not retroactively apply to defendants whose sentencing took place before the statute was enacted);[1] *United States v. Bell*, __ Fed. Appx. __, 2012 WL 4503198 at *2 (3d Cir. 2012) ("The FSA's mandatory minimum provisions do not apply to defendants sentenced before its enactment."); *United States v. Curry*, 488 Fed. Appx. 616, 618 (3d Cir. 2012 ("Because both his offense

---

[1] In *Dorsey v. United States*, __ U.S. __, 132 S.Ct. 2321, 2327, 183 L.Ed.2d 250 (2012), the Supreme Court held that district courts must apply the FSA when sentencing any defendant after August 3, 2010, the FSA's effective date, regardless of when the criminal activity at issue occurred. The Third Circuit in *United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012) stated that *Dorsey* did not disturb "the basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA."

2

conduct and sentencing took place before August 3, 2010, Curry cannot take advantage of the 2010 revision to 21 U.S.C. § 841(b)(1)(B)(iii), and he is still subject to the mandatory minimum penalty of the prior version of the statute."); *Surratt*, 453 Fed. Appx. at 203 ("[A]ny potential change to Surratt's advisory guideline range resulting from the Fair Sentencing Act of 2010 ("FSA") does not alter our decision because the Act's changes to mandatory minimum crack penalties do not apply retroactively."). Accordingly, any changes to the statutory mandatory minimum sentences provide no basis for a sentence reduction in this case.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion [ECF No. 43] is DENIED.

Signed this 25th day of February, 2013.

s/ Sean J. McLaughlin<br>
United States District Judge

cm: All parties of record.